# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant SHAWN F. HUDSON**
**United States Army, Appellant**

ARMY 20140428

Headquarters, 82d Airborne Division
Deidra J. Fleming, Military Judge (arraignment)
Tara A. Osborn, Military Judge (trial)
Colonel John N. Ohlweiler, Staff Judge Advocate (pretrial)
Lieutenant Colonel Susan K. McConnell, Acting Staff Judge Advocate (post-trial)

For Appellant:  Major Andres Vazquez, Jr., JA; Captain John L. Schriver, JA.

For Appellee:  Major Daniel D. Derner, JA.

18 August 2015

----------------------------------
SUMMARY DISPOSITION
----------------------------------

TOZZI, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of three specifications of failure to go to his appointed place of duty, two specifications of absence without leave, and two specifications of wrongful use of cocaine in violation of Articles 86 and 112a Uniform Code of Military Justice, 10 U.S.C. §§ 886, 912a (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for five months, and reduction to the grade of E-1.  The convening authority approved the bad-conduct discharge, confinement for 120 days, and reduction to the grade of E-1.  Appellant received sixty-seven days of sentence credit.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant raises no allegations of error.  Appellant personally submitted one matter pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) wherein he asks this court to provide appropriate relief to remedy the dilatory post-trial processing of his case.

We agree that relief is appropriate in this case and grant thirty days confinement credit.

## LAW AND DISCUSSION

The convening authority took action 353 days after the sentence was adjudged, 344 of which are attributable to the government. The record in this case consists of two volumes, and the trial transcript is 156 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

It took 239 days to serve the record of trial on appellant's defense counsel in this case. It took sixty-four days for the military judge to authenticate the record of trial. The government provided an explanation in its post-trial submissions for this delay, citing a backlog of cases and short staffing of court reporters. As annotated on the authentication page, the military judge was on temporary duty away from Fort Bragg, North Carolina, for a significant period of time after receipt of the record of trial for review and authentication. Despite this explanation, the delay between announcement of sentence and action could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617. Thus, we find that relief is appropriate under the facts of this case.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, however, we affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for three months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of this decision setting aside portions of the sentence are ordered restored. *See* UCMJ arts. 58b(c), and 75(a).

Judge CAMPANELLA and Judge CELTNIEKS concur.



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court